**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**GARY MILLIGAN,**

 **Plaintiff,**

**v.** **Civil Action No. 3:07cv78**
 **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

 **Defendant.**


## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On June 25, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the United States pursuant to the Federal Tort Claims Act ("FTCA"), and paying the entire $350 filing fee. On July 30, 2007, the plaintiff filed what purports to be proof of service.

On October 26, 2007, the defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Consequently, a Roseboro Notice issued on October 31, 2007. The plaintiff filed objections to the defendant's motion on December 21, 2007.

This case is before the undersigned for a Report and Recommendation on the defendant's motion to dismiss.

### II. The Pleadings

#### A. The Complaint

In the complaint, the plaintiff, a federal inmate, asserts that he was "assaulted[,] stabbed and cut on the face and neck which caused serious injury, scarring, disfigurement (sic), pain, suffering and mental and emotional trauma due to the Bureau of Prisons employee's failure to monitor[,]

patrol and supervise area of prison in which assault by other prisoners occured (sic)." Complaint at 1. As a result, the plaintiff seeks damages in the amount of $3,000,000 for "physical and psychological injury, pain, suffering, disfigurement, [and] scarring." Id. at 4. The plaintiff asserts that he has exhausted his administrative remedies. Id. at 2.

## B.    The Defendant's Motion

In its motion to dismiss, the defendant seeks the dismissal of this case for following reasons:

1.  the plaintiff's claims are time-barred;

2.  the Court lacks subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) as the actions complained of fall within the discretionary function exception to the FTCA; and

3.  the plaintiff's claims of negligence are without merit.

## C.    The Plaintiff's Reply

In response to the defendant's motion, the plaintiff argues that his claim is not time-barred, that the BOP's duty to protect and safeguard the inmates in its care is not discretionary, and that a summary judgment motion is not the appropriate avenue to determine the merits of the plaintiff's claim.

## III.    Standard of Review

## A.    Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley

v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.    Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.  Celotex at 323.  Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party must present specific facts showing the existence of a genuine issue for trial.  Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson at  256.  The "mere existence of a scintilla of

3

evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. **Analysis**

It is well-established that the United States is immune from suit unless it consents to be sued. See United States v. Testan, 424 U.S. 392 (1976). However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Nonetheless, the FCTA only waives the government's sovereign immunity if certain terms and conditions are met. Honda v. Clark, 386 U.S. 484 (1967). One of those conditions is that an FTCA action be filed within two years of the incident or within six months of the final claim denial. 28 U.S.C. § 2401(b). This time limitation is jurisdictional and not waivable. Kielwien v. United States, 540 F.2d 676, 679 (4th Cir.) cert. denied, 429 U.S. 979 (1976).

Here, the plaintiff presented his claim to the appropriate agency within two years from the date of the event. See Defendant's Memorandum (dckt. 11-2), Ex. 1 at Att. B. The plaintiff's administrative claim was denied on November 29, 2006. Id. In the letter of final denial, the plaintiff was correctly advised that he had six months from the date of the denial to bring suit in federal court. Id. Six months from the date of final denial was May 29, 2006. The plaintiff did not initiate the instant action until June 25, 2007. Therefore, the plaintiff's claim is clearly time-barred.

Nevertheless, the plaintiff argues that he did not receive a copy of the agency's final denial until January 8, 2007. Therefore, the plaintiff asserts that the statute of limitations began to run on

the date he received the denial.  The plaintiff's claim is untenable, however, in light of the exact

wording of the statute, and the strict construction the Court must give to the statute.  Title 28 U.S.C.

§ 2401(b) specifically states:

> A tort claim against the United States shall be forever barred unless
> it is presented in writing to the appropriate Federal agency within two
> years after such claim accrues or unless action is begun *within six
> months after the date of mailing*, by certified or registered mail, of
> notice of final denial of the claim by the agency to which it was
> presented.

Because the FTCA waives the United States traditional grant of sovereign immunity, the

statute must be strictly construed.  United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  Put

simply, because the United States may not be sued without its permission, the Court may not take

it upon itself "to extend the waiver beyond that which Congress intended."  Id.  Therefore, "[i]f an

action is not filed as the statute requires, the six-month time period may not be extended" by the

Court.  Tuttle v. United States Postal Service, 585 F.Supp. 55, (M.D.Pa. 1983) (citing Kubrick at

117-18.)).

The statute specifically states that the claim must be filed within six months after the date

of mailing.  The plaintiff's contention that the statute of limitations started to run on the date he

received notice of the denial would extend the six-month period beyond what Congress intended.

Moreover, to the extent that the plaintiff asserts that he is entitled to equitable tolling of the six

month period, that claim also cannot stand.

Equitable tolling in suits against the United States is only available in exceptional

circumstances.  See Muth v. United States, 1 F.3d 246, 251 (4th Cir. 1993).  Therefore, equitable

tolling is only available when a claimant has exercised due diligence in preserving his legal rights,

id., or can show that the defendant "attempted to mislead him and that the plaintiff reasonably relied

on the misrepresentation by neglecting to file a timely charge." <u>See</u> <u>English v. Pabst Brewing Co.</u>, 828 F.2d 1047, 1049 (4th Cir. 1987).

In this case, even if the plaintiff did not receive notice of the final denial until January 8, 2007, the agency clearly informed the plaintiff that he had six months from the date of denial to file suit in federal court. The plaintiff was not mislead by the agency, nor did the agency make any misrepresentations. Moreover, even assuming that plaintiff received the notice of final denial on January 8, 2007, he still had plenty of time to file timely a claim in federal court.[1] The plaintiff's lack of diligence does not comport with a finding of equitable tolling.

## V. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 11) be **GRANTED** and the plaintiff's complaint be **DISMISSED with prejudice** as time-barred.

Within ten (10) days after being served with a copy of this Opinion/Repot and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

---

[1] The defendant asserts that its mailroom records show that the plaintiff received the letter of final denial on December 6, 2006. Defendants Memorandum (dckt. 11-2) at 4 and Ex. 1, Att. C.

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 16, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE