# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GARY MILLIGAN,**

    **Plaintiff,**

v.                                                  **Civil Action No. 3:07CV78**
                                                               **(BAILEY)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 21), dated June 16, 2008, and the plaintiff's corresponding objections (Doc. 19), filed on July 10, 2008. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 21)** should be,

and is, **ORDERED ADOPTED**.

II. Factual and Procedural Background

On June 25, 2007, plaintiff filed his complaint alleging violations of his constitutional rights pursuant to the Federal Tort Claims Act (FTCA). By standing order of the Court, this case was referred to the United States Magistrate Judge John S. Kaull for proposed findings of fact and a recommended disposition. As indicated in the Complaint, plaintiff contends that the Bureau of Prisons (BOP) breached a duty owed to him by failing to monitor and supervise an area of FCI, Gilmer, where the plaintiff was assaulted by two other inmates. As a result, plaintiff seeks $3,000,000.00 for disfigurement, scarring, psychological damages, and pain and suffering.

On October 26, 2007, the defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 11). In support, the United States argues that plaintiff's claims are time-barred, that the Court lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(6) because the actions complained of fall within the discretionary function exception to the FTCA, and that plaintiff's negligence claims are without merit. Following the filing of the government's motion, a **Roseboro** Notice issued on October 31, 2007. Thereafter, plaintiff filed his Response (Doc. 19) on December 21, 2007, arguing that his claim is not time-barred as he is entitled to equitable tolling of the six-month statute of limitations, that the BOP's duty to protect and safeguard inmates in its care is not discretionary, and that summary judgment is not the appropriate avenue to determine the merits of his negligence claims.

Upon consideration, the Magistrate Judge found the plaintiff's claims to be time-

barred, and therefore, recommended that the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 11) be granted. In response, plaintiff raises the new factual contention that Counselor Bart Smith and other mail room personnel informed him that the six-month period of limitations would begin to run from the date that notice of the final denial was received.

III. Legal Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477

U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

In regard to plaintiff's substantive claims, the FTCA waives the federal government's sovereign immunity for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). More specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." **Medina v. United States**, 259 F.3d 220, 223 (4th Cir. 2001). Nevertheless, in order for an action brought under the FTCA to be deemed timely, it must be "begun within six-months after the date of mailing, by certified mail or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Moreover, this limitations period is to be strictly construed, such that, "[i]f an action is not filed as the statute requires, the six-month time period may not be extended." **Tuttle v. United States Postal Service**, 585 F. Supp. 55 (M.D. Pa. 1983) (citing **United States v. Kubrick**, 444 U.S. 111. 117-18 (1979)).

Despite the foregoing, a failure of the plaintiff to properly abide by the relevant limitations period may be excused under the doctrine of equitable tolling "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." **Kokotis v. United States Postal Service**, 223 F.3d 275, 280-81 (4th Cir. 2000) (quoting **English v. Pabst Brewing Co.**, 828 F.2d 1047, 1049 (4th Cir. 1987)). As such, the doctrine of equitable tolling is "based on the view that a defendant should not be encouraged to engage in misconduct that prevents the plaintiff from filing his or her claim on time." **Kokotis**, 223 F.3d at 281 (internal citations omitted). Nonetheless,

the law is well-settled that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)).

IV.  Discussion

After thorough review, it is evident that the plaintiff's case is time-barred by 28 U.S.C. § 2401(b)'s mandate that FTCA actions must be brought six-months from the mailing date of the notice of final denial.  As originally proffered to this Court, plaintiff argued that he was unable to comply with the six-month deadline because the mail room did not deliver the notice of final denial until January 8, 2007, despite receiving the same on December 6, 2006.  For the purpose of documenting this delay, the plaintiff contends that he instructed Counselor Bart Smith, the deliverer of the notice, to record the actual date of delivery on the envelope containing the notice.

In evaluating plaintiff's original contention, the Court concurs with the finding of the Magistrate Judge, that the plaintiff's claim is barred by the plain meaning of 28 U.S.C. § 2401(b), and further that, the plaintiff does not meet the eligibility requirements for equitable tolling.  To be sure, the Court notes that the filing of plaintiff's claim under the FTCA is clearly foreclosed by the plain meaning 28 U.S.C. § 2401(b).  Thus, the timeliness of the plaintiff's claim is ultimately dependent upon his eligibility for the doctrine of equitable tolling.  However, as previously noted, equitable tolling in suits against the United States is only available in exceptional circumstances.  *See Muth v. United States*, 1 F.3d 246, 251 (4th Cir. 1993).  Furthermore, as noted by the Magistrate Judge, the agency clearly

informed the plaintiff that he had six-months from the date of denial in which to bring suit. In addition, the Magistrate Judge found that the plaintiff was not misled by the agency and that the plaintiff had sufficient time from the date of receipt of the notice to file suit. Accordingly, the Court finds that any exceptional circumstances justifying the invocation of the doctrine of equitable tolling are simply not present.

As a final matter, the Court turns its attention to the factual re-characterization contained in the plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Doc. 23). There, the plaintiff asserts for the first time that Counselor Bart Smith and other mail room personnel informed him that he would have six-months from the date of receipt of his notice of final denial within which to file suit. Initially, the Court notes that this unsupported allegation is markedly absent from the plaintiff's Complaint (Doc. 1), his Memorandum in Opposition (Doc. 19), and his accompanying Affidavit (Doc. 20). As such, the Court finds plaintiff's bald assertion to be incapable of discharging his burden in overcoming the defendant's properly supported motion for summary judgment.

V.  Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Doc. 21)** is **ADOPTED**;

2. That the defendant's **Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 11)** is **GRANTED**; and

3. That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the

active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: July 17, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE